## Fred Frike v. Frank Orr.

1  EVIDENCE—*Declaration of a Party in His Own Favor, Not Admissible in His Behalf.*—The declarations of a party in his own favor are not admissible in his own behalf.

2.  SAME—*What is Not a Part of the Res Gestæ.*—Statements made long after the transaction, are not a part of the *res gestæ.*

3.  SAME—*Where the Case is Close on the Facts.*—Where the case is close on the facts, incompetent evidence is necessarily prejudicial.

Assumpsit.—Appeal from the Circuit Court of Adams County; the Hon. JOHN C. BROADY, Judge presiding. Heard in this court at the May term, 1903.    Reversed and remanded.    Opinion filed August 28, 1903.

AKERS & SWOPE, attorneys for appellant.

COVERT, PAPE & COVERT, attorneys for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit, brought before a justice of the peace, to recover the sum of thirty dollars, the price of two jennets alleged to have been sold to the defendant by the plaintiff.    Judgment was rendered for the plaintiff for thirty dollars.    Defendant appealed to the Circuit Court, when a trial resulted in judgment for the defendant, from which plaintiff appeals.

Appellant testified on the trial that on March 19, 1902, the appellee came into his store in the village of Coatsburg at about ten or eleven o'clock, and had a conversation with him about buying two jennets; that they went to the barn and looked at them, and that he sold them to the appellee for thirty dollars; that thereupon they went into the store and that a note was drawn up; that the appellant stated to appellee that he could either bring the thirty dollars the next day, or to return the note, signed by the wife of the appellee as security; that the appellee took said note and went away; that some time after dinner, one or two o'clock, the appellee came in a wagon and took the jennets away; that he never saw appellee again until this suit was brought in July following; that after the suit was commenced, the appellee brought the jennets back to the appellant and tendered them to him, but the appellant refused to accept the same.

The appellee testified that he did not arrive at the store until between twelve and one o'clock, and that the conversation about the jennets took place in front of the store, in

the street; that the appellant then and there requested the appellee to take the jennets to his farm and feed and pasture them and sell them if possible, to a man by the name of Ralph, whom appellant had spoken of as a person who desired to purchase some jennets; that the appellee then and there agreed to take the jennets to his farm, as requested, and sell them to Ralph if he could, and agreed to call for the jennets in the afternoon, whereupon they parted; that in the afternoon he took the jennets away; that at no time did he buy the jennets; that appellant told him if Ralph wanted to buy the jennets, he could give a note and security, and gave him a note, which witness did not examine. Appellant denies that the name of Ralph was mentioned at any time.

The case turns entirely upon the question as to whether the jennets were sold by appellant to appellee, or not. If they were not, appellant was not entitled to recover. If they were, he was entitled to the price for which he sold them. There was a sharp conflict in the evidence upon this point, appellant testifying positively that appellee purchased them, and appellee testifying as positively that he did not. Each was corroborated in his version of the transaction by one or more witnesses. On the trial the court permitted appellee to testify, over the objection of the appellant, that about three weeks after he received the jennets, he went to see Ralph and had a conversation with him in reference to the price, terms and the person for whom he wanted to sell them. One Lanning was permitted to testify, over the objection of appellant, that he was present after appellee had taken the mules to his pasture, and heard a conversation between appellee and Ralph with reference to the price of the mules and the terms of sale. Ralph, himself, was permitted to testify, over the objection of appellant, that he had several conversations with appellee, in which appellee mentioned the subject of the sale of the mules, the price and terms of sale, and that he also mentioned the subject of a note. The court, however, did not permit the witnesses to repeat the different conversations in detail.

The action of the court in admitting the foregoing evidence is assigned as error. The obvious purpose of this evidence was to corroborate appellee in his version of the transaction, that is, that he received the jennets as agent only, of the appellant, for the purpose of selling them to Ralph, if possible, by showing that he afterward attempted to do so. We think the evidence as to the statements made by appellee to Ralph was incompetent and inadmissible. They were made long after the transaction, and were therefore not a part of the *res gestæ*, were made by appellee in his own behalf, and were self-serving in their nature. "It is a general rule of broad application, that the declarations of a party in his own favor are not admissible in his behalf." (Jones on Ev., Sec. 236, page 541.)

In a close case on the facts, as is this, such evidence was necessarily prejudicial.

For the error referred to, the judgment will be reversed and the cause remanded.